Brian D. Chase, Esq. (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan, Esq. (SBN 211258)
jbeligan@bisnarchase.com
Ian M. Silvers, Esq. (SBN 247416)
isilvers@bisnarchase.com
**BISNAR | CHASE LLP**
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

Jonathan M. Lebe, Esq. (SBN 284605)
jon@lebelaw.com
Zachary T. Gershman, Esq. (SBN 328004)
zachary@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, California 90021
Telephone: (213) 358-7046
Facsimile: (310) 820-1258

Attorneys for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VAN HEEL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GCA EDUCATION SERVICES, INC.; ABM INDUSTRIES, INC.,<br><br>Defendants. | Case No. 2:20-cv-01505-SB-JEM<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT AND REPRESENTATIVE ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT FOR:**<br><br>1. **Failure To Pay Earned Wages (Cal. Lab. Code §§ 204 and 210; Wage Order 5-2001);**<br>2. **Failure To Pay Minimum Wage (Cal. Lab. Code §§ 510, 1182.12, 1194, 1197, 1197.1, and 1198; Wage Order 5-2001);**<br>3. **Failure To Pay Overtime Compensation (Cal. Lab. Code §§ 510 and 1198; Wage Order 5-2001);** |

4. **Failure To Provide Meal Breaks (Cal. Lab. Code §§ 226.7, 512(a), and 1198; Wage Order 5-2001);**
5. **Failure To Provide Rest Breaks (Cal. Lab. Code §§ 226.7 and 1198; Wage Order 5-2001);**
6. **Failure To Provide Accurate Wage Statements (Cal. Lab. Code § 226(a), 1174(d), and 1198; Wage Order 5-2001);**
7. **Failure To Timely Pay Final Wages (Cal. Lab. Code §§ 201-203);**
8. **Violation of Business & Professions Code § 17200, *et seq.*; and**
9. **Violation of Private Attorneys General Act (Cal. Lab. Code § 2698, *et seq.*)**

**Jury Trial Demanded**

## INTRODUCTION

1. Defendants GCA Education Services, Inc. ("GCA Education"), ABM Industries, Inc. ("ABM"), and Does 1-10 (collectively, "Defendants") provide janitorial services to colleges and educational facilities and operate at various facilities in California. Plaintiff George Van Heel ("Plaintiff") was employed by Defendants as a Janitor or similar position.

2. Defendants failed to pay Class Members (as defined below) all their earned wages in violation of Labor Code § 204 and Wage Order 5-2001. Based on information and belief, Defendants did not accurately record the hours worked by Class Members because Defendants utilized a rounding system that was not neutral and therefore undercompensated Class Members (the "Illegal Rounding-Time Practice"), automatically deducted 30-minute meal periods from Class Members hours, regardless of whether those meal periods were actually taken, interrupted, or duty free (the "Unlawful 30-Minute Auto Deduct Policy"), and

**SECOND AMENDED COMPLAINT**

failed to account for all pre- and post-shift work that Defendants knew or should have known Class Members were working (the "Pre- and Post-Shift Work").

3. As a result of the Illegal Rounding-Time Practice, Unlawful 30-Minute Auto Deduct Policy, and Pre- and Post-Shift Work, Class Members worked more than 8 hours per day and more than 40 hours per workweek, but were not paid for all overtime hours, in violation of Labor Code §§ 510 and 1198 and Wage Order 5-2001.

4. Defendants employed Class Members for work periods of more than 5 and 10 hours a day, entitling them to first and second meal periods of at least 30 minutes each. But Defendants unlawfully deducted 30-minute meal periods from the Class Members' time records, regardless of whether Class Members actually worked through the meal periods, the meal periods were interrupted, or whether Defendants unlawfully exercised control over the Class Members' meal periods, in violation of Labor Code §§ 226.7, 512(a), 1198 and Wage Order 5-2001. This automatic deduction fails to comply with mandated record-keeping requirements in violation of Wage Order 5-2001. In addition to the Unlawful 30-Minute Auto Deduct Policy, Class Members were not able to leave their work stations during meal periods. By failing to provide Class Members with 30-minute, off duty, compliant meal breaks, Defendants owe Class Members an additional hour of pay.

5. Defendants employed Class Members for work periods of four hours or major fraction thereof without rest periods of ten minutes' net rest time and failed to compensate Class Members for these missed rest periods, in violation of Labor Code §§ 226.7, 1198 and Wage Order 5-2001. Class Members were not able to leave their work stations during rest breaks they were provided. When Class Members took rest breaks, they were regularly interrupted, less than ten minutes, and/or on duty.

6. Defendants knowingly and intentionally failed to provide Class

Members with timely and accurate wage statements in violation of Labor Code §§ 226, 1174(d), 1198 and Wage Order 5-2001.

7. Defendants failed to provide Class Members their final wages immediately upon termination, or within 72 hours of voluntarily leaving employment.

8. On information and belief, Plaintiff alleges that Defendants applied the same policies described above to all other members of the proposed Class. As alleged below, these uniform policies, practices and procedures violated California's labor laws and constituted unfair, fraudulent or illegal business practices under Business & Professions Code § 17200, *et seq*.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff was employed by Defendants as a Janitor or similar position from approximately February of 2018 until December of 2018.

10. GCA Education is a corporation organized under the laws of the State of Tennessee. Defendant GCA Education Services, Inc. is headquartered in Cleveland, Ohio.

11. ABM is a corporation organized under the laws of Delaware. Defendant ABM Industries, Inc. is headquartered in Sugar Land, Texas.

12. Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 10, inclusive, and, for that reason, said Defendants are sued under such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of said fictitious Defendants are and were responsible in some manner for the injuries complained of herein. Plaintiff will amend this Complaint to identify such fictitiously-named Defendants pursuant to Code of Civil Procedure § 474 once their identities become known.

13. The relief sought by Plaintiff on behalf of himself and the Class defined below exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. The Court has personal

Page -4-
SECOND AMENDED COMPLAINT

jurisdiction over each of the parties because they are either citizens of this State, doing business in this State or otherwise have minimum contacts with this State. The "amount in controversy" for the named Plaintiff including, but not limited to, claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than $75,000.

14. Venue is proper in the County of Los Angeles because Plaintiff worked for Defendants in the County of Los Angeles, and as a result, this dispute arose in the County of Los Angeles.

15. Plaintiff is informed and believes and, based thereon, alleges that Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise. Furthermore, Plaintiff is informed and believes and, based thereon, alleges that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to, the commission of the acts complained of herein. Defendants are therefore jointly and severally liable for the injuries complained of herein.

## **CLASS ALLEGATIONS**

16. Plaintiff brings this action pursuant to California Code of Civil Procedure § 382 on behalf of himself and the Class Members defined below. The Class is comprised of and defined as:

> All current and former non-exempt employees who worked for GCA Education within the State of California at any time during the period from four years preceding the filing of the initial compliant until final judgment.

17. Plaintiff reserves the right to establish subclasses as appropriate.

18. There exists a well-defined community of interest among the Class, and the Class is readily ascertainable.

19. The members of the Class are so numerous that joinder of all members in a single action would not be feasible or practical, and the amount of individual damages is not large enough to make individual lawsuits by each class member practical or feasible. Plaintiff is informed and believes and based upon such information and belief alleges that there are in excess of 50 members of the Class.

20. Plaintiff's claims are typical of the claims of the rest of the Class, and Plaintiff and his counsel will fairly and adequately represent the interests of the Class.

21. Common issues of fact and/or law predominate in this action over any allegedly individual issues. Specifically, the following common questions of fact or law predominate and make this action superior to individual actions:

(i) whether Plaintiff and the rest of the Class are entitled to recover damages, penalties and other relief on the grounds that Defendants have used uniform policies, practices and procedures that have consistently violated California labor laws and regulations and caused Plaintiff and the rest of the Class to suffer the same or similar injuries;

(ii) whether Defendants violated Labor Code §§ 204, 210, and Wage Order 5-2001 by failing to pay wages for all hours worked;

(iii) whether Defendants violated Labor Code §§ 510, 1182.12, 1194, 1197, 1197.1, 1198, and Wage Order 5-2001 by failing to pay minimum wage for all hours worked;

(iv) whether Defendants violated Labor Code §§ 510, 1198, and Wage Order 5-2001 by failing to pay overtime compensation;

(v) whether Defendants violated Labor Code §§ 226.7, 512(a), 1198, and Wage Order 5-2001 by failing to provide first and second meal periods

of at least 30-minutes when the shifts exceeded 5 and 10 hours of work, and not compensating employees with one hour of pay at the employees' regular rate of compensation for each workday that meal periods were not provided;

(vi) whether Defendants violated Labor Code § 226.7 and Wage Order 5-2001 by failing to provide daily rest periods of ten minutes per four hours or major fraction thereof worked when the shift exceeded three-and-a half hours and by failing to compensate employees one hour's wages in lieu of rest periods;

(vii) whether Defendants violated Labor Code §§ 226(a), 1174(d), 1198, and Wage Order 5-2001 by failing to provide and maintain timely and accurate itemized wage statements; and

(viii) whether Defendants' practices constitute unfair, fraudulent, or illegal business practices under Business and Professions Code § 17200, *et seq*.

22. California labor laws under which Plaintiff asserts the following causes of action on behalf of himself and the rest of the Class are broadly remedial in nature. These labor laws serve an important public interest in establishing minimum working conditions and standards in California. They furthermore protect employees from exploitation by employers who may seek to take advantage of their superior economic and bargaining power in setting onerous terms and conditions of employment. The class action mechanism is a particularly efficient and appropriate procedure to redress the injuries alleged herein. If each employee in the Class was required to file an individual action, Defendants would be able to use their superior financial and legal resources to gain an unfair advantage over each individual class member. Moreover, requiring each class member to pursue an individual action would also discourage the assertion of meritorious causes of action by employees who would likely be disinclined to file such individual actions due to a justifiable fear of retaliation and damage to their careers at subsequent employment.

**SECOND AMENDED COMPLAINT**

23. In addition, even if feasible, individual actions by each Class member would create a substantial risk (i) of inconsistent or varying adjudications with respect to the claims of each Class member against Defendants, that in turn could establish potentially incompatible standards of conduct for Defendants, and/or (ii) of adjudications with respect to individual Class Members that would, as a practical matter, be dispositive of the interests of the other Class Members. Furthermore, the claims of each individual Class member are not sufficiently large enough to make it economically feasible to bring each Class member's claims on an individual basis.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY EARNED WAGES
## AGAINST ALL DEFENDANTS
### (Cal. Labor Code §§ 204 and 210; Wage Order 5-2001)

24. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth above.

25. Defendants failed to pay Class Members all of their earned wages as required by the Labor Code and Wage Order 5-2001.

26. Class Members have been deprived of their rightfully earned wages as a direct and proximate result of Defendants' failure to pay said compensation. Class Members are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

27. In addition, Class Members are entitled to penalties pursuant to Labor Code § 210 as follows: (1) for Defendants' initial violation, $100 for each failure to pay each Class Member; and (2) for each of Defendants' subsequent violations, or any willful or intentional violation, $200 for each failure to pay each Class Member, plus 25 percent of the amount unlawfully held.

///

///

**SECOND AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE

## AGAINST ALL DEFENDANTS

**(Cal. Labor Code §§ 510, 1182.12, 1194, 1197, 1197.1, and 1198; Wage Order 5-2001)**

28. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

29. The Labor Code and Wage Order 5-2001 provide that in the State of California an employer of over 25 employees must pay a minimum wage to an employee, which is $10.00 per hour for all hours worked effective January 1, 2016, $10.50 per hour for all works worked effective January 1, 2017, $11.00 per hour for all hours worked effective January 1, 2018, and $12.00 per hour for all hours worked effective January 1, 2019.

30. Defendants deprived Class Members of their rightfully earned minimum wage compensation, including overtime compensation at the correct regular rate, as a direct and proximate result of Defendants' failure to pay Class Members for all hours worked. Under Labor Code § 1194, Class Members are entitled to recover such amounts, plus interest thereon, reasonable attorney's fees, and costs.

31. In addition, under Labor Code § 1194.2, Class Members are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest thereon.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

## AGAINST ALL DEFENDANTS

**(Cal. Labor Code §§ 510 and 1198; Wage Order 5-2001)**

32. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

**SECOND AMENDED COMPLAINT**

33. Defendants employed Class Members for more than 8 hours per day and more than 40 hours per workweek, but Defendants failed to pay them the overtime compensation required by the Labor Code and Wage Order 5-2001.

34. Defendants thus required Class Members to work for longer hours than those fixed, or under conditions prohibited, by order of the IWC, in violation of those orders.

35. Defendants deprived Class Members of their rightfully earned overtime compensation as a direct and proximate result of Defendants' failure to pay for all hours Class Members actually worked. Under Code Labor Code § 1194, Class Members are entitled to recover such amounts, plus interest thereon, attorney's fees, and costs.

## FOURTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL BREAKS
## AGAINST ALL DEFENDANTS
### (Cal. Labor Code §§ 226.7, 512(a), and 1198; Wage Order 5-2001)

36. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

37. The Labor Code and the Wage Order provide that employees are entitled to uninterrupted, off-the-clock meal periods of not less than 30-minutes for every five hours worked. The Labor Code and Wage Order 5-2001 also require the employer to pay the employee one hour at the employee's regular rate of compensation for each day that the employer does not provide at least one required meal period.

38. Defendants employed Class Members for work periods of more than 5 and 10 hours without legally compliant meal periods of not less than 30-minutes and failed to compensate them for such meal periods, as required by Labor Code § 226.7 and Wage Order 5-2001.

39. Defendants deprived Class Members of their rightfully earned

**SECOND AMENDED COMPLAINT**

compensation for meal periods as a direct and proximate result of Defendants' failure to pay compensation for said meal period violations.

40. The remedy provided for in Labor Code § 226.7 constitutes a wage, and Class Members are entitled to interest thereon. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1099-1100.)

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE REST BREAKS
## AGAINST ALL DEFENDANTS
### (Cal. Labor Code §§ 226.7 and 1198; Wage Order 5-2001)

41. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

42. The Labor Code and the Wage Order provide that employees are entitled to uninterrupted rest period of not less than 10-minutes for every four hours worked or major fraction thereof. The Labor Code and Wage Order 5-2001 require the employer to pay the employee one hour at the employee's regular rate of compensation for each day that the employer does not provide at least one required rest period.

43. Defendants employed Class Members for work periods of four hours or major fraction thereof without rest periods of ten minutes and failed to compensate them for such rest periods as required by Labor Code § 226.7 and Wage Order 5-2001.

44. Defendants deprived Class Members of their rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure to pay compensation for said rest period violations.

45. The remedy provided for in Labor Code § 226.7 constitutes a wage, and Class Members are entitled to interest thereon. (*Murphy, supra*, 40 Cal.4th at 1099-1100.)

///

SECOND AMENDED COMPLAINT

# SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE AND MAINTAIN
## ACCURATE AND ITEMIZED WAGE STATEMENTS
## AGAINST ALL DEFENDANTS
### (Cal. Labor Code §§ 226, 1174(d), and 1198; Wage Order 5-2001)

46. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

47. Labor Code § 226(a) required Defendants, "semimonthly or at the time of each payment of wages," to furnish their workers with "an accurate itemized statement in writing" showing gross and net wages earned, total hours worked by the employee, rates of pay, and other information. Defendants knowingly and intentionally failed to provide their workers with such timely and accurate wage and hour statements.

48. Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide their workers with the wage and hour statements required by law.

49. Under Labor Code § 226(e) and (t), and based on Defendants' conduct as alleged herein, Class Members are entitled to (a) $50 for the initial pay period in which a wage and hour statement violation occurred, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars $4,000; (b) injunctive relief to ensure Defendants' compliance with Labor Code § 226; and (c) an award of costs and reasonable attorney's fees.

50. Moreover, as a result of Defendants' conduct, Class Members have suffered actual damages in that, among other things, the lack of accurate wage statements hindered Class Members from determining the correct amount of wages owed to them. The absence of accurate wage statements has caused Class Members time, money, and energy in attempting to reconstruct time and pay

SECOND AMENDED COMPLAINT

records and resulted in the submission by Defendants of inaccurate information about wages and deductions. As a result of Defendants' failure to provide Class Members with timely and accurate wage statements, Class Members are entitled to recover the aggregate sum according to proof, of all actual damages they suffered.

51. Defendants' conduct also entitles Class Members to seek preliminary and permanent injunctive relief including, but not limited to, an order that Defendants issue wage and hour statements their workers that comply with Labor Code § 226.

## SEVENTH CAUSE OF ACTION
## FAILURE TO TIMELY PAY FINAL WAGES
## AGAINST ALL DEFENDANTS
## (Cal. Lab. Code §§ 201-203)

52. Plaintiff re-alleges and incorporates herein by this reference each of the allegations set forth above.

53. During the Class period, Labor Code §§ 201 and 202 applied to Defendants' employment of Plaintiff and Class Members. At all times relevant hereto, Labor Code § 201 provided that if an employer, such as Defendants, discharged an employee such as a Class Member, the wages earned and unpaid at the time of discharge were due and payable immediately.

54. Furthermore, at all relevant times Labor Code § 202 provided and provides that if an employee, such as a member of the Class, voluntarily leaves his or her employment, the wages earned and unpaid must be paid by the employer within 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to leave, in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

55. Plaintiff and other Class Members left their position of employment at Defendants' business during the Class period. However, Defendants willfully

did not pay Plaintiff and Class Members all of the wages that were due to them within the time required by §§ 201 and 202. Defendants therefore violated those Labor Code sections.

56. During the Class period, Labor Code § 203 provided that if an employer, such as Defendants, fails to pay any of the wages owed to an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

57. Accordingly, Plaintiff and the members of the Class who were discharged or who quit during the Class period are entitled to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of 30 days, plus interest, costs and reasonable attorneys' fees.

## EIGHTH CAUSE OF ACTION
## UNFAIR COMPETITION
## AGAINST ALL DEFENDANTS
## (Cal. Bus. & Prof. Code § 17200, *et seq*.)

58. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

59. Defendants' violations of the Labor Code and Wage Order 5-2001 constitute unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*.

60. Plaintiff and other Class Members have suffered injury in fact and have lost money or property as a result of Defendants' unfair business practices, and Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and other Class Members.

61. Plaintiff is entitled to immediate possession of all amounts owed, with interest.

62. Upon information and belief, Defendants have under-reported to

federal and state authorities wages actually earned by Plaintiff and all Class Members and therefore have underpaid state and federal taxes, employer matching funds, unemployment premiums, Medicare and worker's compensation premiums. Such conduct is illegal under Business & Professions Code §§ 17000, *et seq.* and 17200, *et seq.*

63. Defendants' unfair business practices entitle Plaintiff and other Class Members to seek preliminary and permanent injunctive relief including, but not limited to, orders that Defendants account for, disgorge, and restore to their workers the compensation unlawfully withheld.

## NINTH CAUSE OF ACTION

## VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT

## AGAINST ALL DEFENDANTS

**(Cal. Lab. Code § 2698, *et seq.*)**

64. Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

65. Labor Code § 2698, *et seq.* (the "PAGA") creates specified remedies that are triggered when an employer violates any provision of the Labor Code specified in Labor Code § 2699.5.

66. The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendants failed to comply with their statutory obligations to pay Plaintiff and Aggrieved Employees all wages they were due according to the applicable California Labor Code sections set forth herein. Defendants' illegal actions give rise to statutory penalties including, but not limited to, penalties provided by, and pursuant to, Labor Code Sections §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1194, 1198, and 2699.5.

67. Pursuant to Labor Code § 2699(f), for all provisions of the Labor

**SECOND AMENDED COMPLAINT**

Code that do not have a civil penalty specifically specified, there is an established civil penalty for a violation of the provisions as follows: $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation.

68. Labor Code § 558 mandates a penalty be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of the chapter starting with Labor Code § 500, *et seq.* or any provision regulating hours and days of work in any order of the Industrial Welfare Commission as follows: $50 for the first pay period in which the employee is underpaid; and, for each subsequent violation, $100 for each pay period in which the employee is underpaid. The civil penalties so provided in this section are in addition to any other civil penalties provided by law.

69. Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code.

70. On December 4, 2019, Plaintiff gave notice of these claims to the California Labor and Workforce Development Agency ("LWDA") and to the agent for service of process for Defendants. Plaintiff has not received any response from the LWDA indicating that it intends to investigate these claims. Accordingly, Plaintiff has exhausted all notice requirements under the PAGA. Attached hereto as **Exhibit 1** is a copy of Plaintiff's PAGA notice, which he hereby incorporates by reference.

71. Plaintiff will seek recovery of civil penalties per pay period during the relevant PAGA time period for Plaintiff and each "aggrieved employee" in an amount according to proof, subject to Court approval as set forth in Labor Code § 2699.

72. Plaintiff will seek recovery of attorneys' fees and costs pursuant to Labor Code § 2699(g) and/or Code of Civil Procedure § 1021.5 to the extent enforcement of California labor laws and applicable regulations is determined to

be in the public interest and consistent with the Legislative intent stated in Labor Code § 90.5, in an amount according to proof and subject to Court approval.

73. As provided above, Plaintiff has completed all administrative prerequisites to seeking the penalties for Labor Code violations provided by the PAGA (including Labor Code § 558).

## PRAYER

WHEREFORE, Plaintiff prays for judgment on behalf of himself and the rest of the Class against all Defendants, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For all unpaid earned wages;
2. For all actual, consequential, and incidental losses and damages, according to proof;
3. For prejudgment interest; and
4. For reasonable attorneys' fees and costs under Labor Code § 218.5.

### ON THE SECOND CAUSE OF ACTION

1. For all underpaid wages;
2. For liquidated damages pursuant to Labor Code § 1194.2;
3. For prejudgment interest; and
4. For attorneys' fee and costs.

### ON THE THIRD CAUSE OF ACTION

1. For unpaid overtime wages;
2. For prejudgment interest; and
3. For reasonable attorneys' fees and costs under Labor Code § 1194.

### ON THE FOURTH CAUSE OF ACTION

1. For unpaid wage premiums for failing to provide compliant meal periods; and
2. For prejudgment interest.

///

Page -17-
SECOND AMENDED COMPLAINT

**ON THE FIFTH CAUSE OF ACTION**

1. For unpaid wage premiums for failing to provide compliant rest periods; and
2. For prejudgment interest.

**ON THE SIXTH CAUSE OF ACTION**

1. For damages and penalties under Labor Code § 226(e);
2. Injunctive relief; and
3. For reasonable attorneys' fees and costs under Labor Code § 226(e).

**ON THE SEVENTH CAUSE OF ACTION**

1. For the wages of each Class Member who is no longer employed by Defendants at their regular daily rate up to a maximum of 30 days;
2. For prejudgment interest; and
3. For reasonable attorneys' fees.

**ON THE EIGHTH CAUSE OF ACTION**

1. For restitution of all unpaid wages, overtime and other monies withheld from Plaintiff and the rest of the Class as a result of Defendants' unfair, unlawful or fraudulent business practices; and
2. For reasonable attorneys' fees and costs under Code of Civil Procedure § 1021.5.

**ON THE NINTH CAUSE OF ACTION**

1. Civil penalties pursuant to Labor Code § 558:
   a. $50 for each underpaid employee for each pay period per violation; and
   b. $100 per employee per pay period for subsequent violations per violation.
2. Civil penalties pursuant to Labor Code § 2699(f):
   a. $100 for each aggrieved employee per pay period for the initial violation per violation; and

**SECOND AMENDED COMPLAINT**

    b. $200 for each aggrieved employee per pay period for each subsequent violation per violation.

3. For other penalties under PAGA as allowed as the court may deem appropriate; and

4. Attorneys' fees and costs litigation expenses pursuant to Labor Code § 2699(g) and/or Code of Civil Procedure § 1021.5.

**ON ALL CAUSES OF ACTION**

1. For certification of the action as a class action;

2. For attorneys appearing on the above caption to be named class counsel and for named Plaintiff to be appointed class representative;

3. A declaratory judgment that the practices complained of in this Complaint are unlawful under California law;

4. For penalties under the PAGA, 75% of which will be paid to the LWDA and 25% of which will distributed to the aggrieved employees;

5. For reasonable attorneys' fees under the California Labor Code and all related statutes, including Cal. Civ. Proc. Code § 1021.5;

6. For costs of the suit incurred herein; and

7. For such further relief as the Court may deem appropriate

DATED: October 21, 2020   **Lebe Law, APLC**

            By: /s/ Jonathan M. Lebe
              Jonathan M. Lebe,
              Zachary Gershman
              Attorneys for Plaintiff and Putative Class

DATED: October 21, 2020      **BISNAR | CHASE LLP**

By: /s/ Jerusalem Beligan
--------------------------------
Jerusalem Beligan,
Ian Silvers
Attorneys for Plaintiff and Putative Class

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

DATED: October 21, 2020      **Lebe Law, APLC**

By: /s/ Jonathan M. Lebe
--------------------------------
Jonathan M. Lebe,
Zachary Gershman
Attorneys for Plaintiff and Putative Class

DATED: October 21, 2020      **BISNAR | CHASE LLP**

By: /s/ Jerusalem Beligan
--------------------------------
Jerusalem Beligan,
Ian Silvers
Attorneys for Plaintiff and Putative Class

Page -20-
**SECOND AMENDED COMPLAINT**